Akhtar v. Whitaker

BIA
A098 929 525

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

ARFAN AKHTAR,
> *Petitioner,*

> v.                                17-1228
>                                   NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Amy N. Gell, Gell & Gell, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Principal Deputy Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Erik R.

Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Arfan Akhtar, a native and citizen of Pakistan, seeks review of a March 27, 2017, decision of the BIA denying his untimely motion to reopen his removal proceedings. *In re Arfan Akhtar,* No. A098 929 525 (B.I.A. Mar. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion and related country conditions findings for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An alien may move to reopen removal proceedings no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Akhtar's 2016 motion was untimely because his removal order became final in 2014. 8 U.S.C. § 1101(a)(47)(B). But the time limitation does not apply to a motion to reopen if it is

2

filed to apply for asylum "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Even where there has been a material change in country conditions, the BIA may nevertheless deny reopening where a movant fails to demonstrate prima facie eligibility for relief from removal. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). To demonstrate prima facie eligibility for relief from removal, a movant "must show a 'realistic chance' that []he will be able to obtain such relief." *Jian Hui Shao*, 546 F.3d at 168. For the reasons that follow, we conclude that the BIA did not abuse its discretion in denying reopening.

The BIA did not err in denying reopening on the ground that Akhtar failed to demonstrate that the harm he feared was on account of a protected ground as required for asylum and withholding of removal. *Id.*; 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). To establish eligibility for asylum and withholding of removal in the absence of past persecution, an applicant must demonstrate

3

a well-founded fear or likelihood of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." *Rodas Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).

First, Akhtar does not challenge the BIA's determination that he failed to submit evidence that Pakistanis who have lived in the United States constitute a cognizable particular social group. He has therefore failed to demonstrate error in the BIA's determination that he did not establish his prima facie eligibility for asylum or withholding of removal based on that alleged protected ground. *See Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (observing that a particular social group must be legally cognizable); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Second, the BIA reasonably concluded that the harm Akhtar feared from his brother was due to a personal vendetta and was not because of Akhtar's political opinion. *See Matter of N–M–*, 25 I. & N. Dec. 526, 531-32 (B.I.A.

4

2011) (suggesting that where the alleged persecutor acts "solely out of personal revenge or a desire to avoid the exposure of a lucrative scheme of corruption, without a significant concern about the alien's political beliefs, perceived or otherwise," the claim cannot satisfy the nexus requirement). Akhtar did not assert that he cooperated against, or was threatened by, his brother because he opposed corruption or held any political opinion. Indeed, Akhtar participated in the fraud with his brother. The BIA therefore reasonably concluded that Akhtar failed to demonstrate his prima facie eligibility for asylum or withholding of removal based on his political opinion. *Id.; Jian Hui Shao*, 546 F.3d at 168.

Nor did the BIA err in determining that Akhtar failed to demonstrate his prima facie eligibility for CAT relief based on his fear of harm from his brother. *Jian Hui Shao*, 546 F.3d at 168. The BIA also reasonably declined to credit Akhtar's father's letter—the only independent evidence that Akhtar's brother had threatened Akhtar—because it was authored by an interested witness unavailable for cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to agency's determination that

spouse's letter was entitled to "very little evidentiary weight" "because it was unsworn and because it was submitted by an interested witness"). The BIA did not err in finding that the harassment complaint and Pretrial Services memorandum did not establish a likelihood of torture because they were based on threats Akhtar's brother made to Akhtar's nephew rather than Akhtar. *Id.* at 332. Moreover, the BIA did not err by declining to credit Akhtar's own assertions concerning his brother's threats in light of the underlying adverse credibility determination. *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir. 2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Because the BIA reasonably accorded minimal weight to the only evidence of threats, it did not err in concluding that Akhtar failed to demonstrate his prima facie eligibility for CAT relief. *See In re M-B-A-*, 23 I. & N. Dec. at 479-80; *Jian Hui Shao*, 546 F.3d at 168.

Because the BIA did not abuse its discretion in denying reopening based on Akhtar's failure to establish his prima facie eligibility for relief, we do not reach the BIA's alternative conclusion that Akhtar failed to demonstrate a material change in country conditions. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

7